UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x  NOT FOR PUBLICATION

ALONZO DEAN SHEPHARD,

                              Plaintiff,

-against-

MEMORANDUM
& ORDER
11-CV-403 (CBA)

U.S President BARACK OBAMA; U.S.Former
President WILLIAM J. CLINTON; U.S Former
President GEORGE W. BUSH; U.S. Vice President
JOE BIDEN; U.S. Former DICK CHENEY; U.S.
Senator PATRICK LEAHY; U.S. Speaker of the
House NANCY PELOSI; U.S. Secretary of State
HILLARY CLINTON; U.S. FBI Director ROBERT
MUELLER; U.S. CIA Director LEON PANETTA;
U.S. Former State Department CONDALIZZA RICE;
U.S. CIA Former Director MICHAEL HAYDEN;
U.S. National Security Dir. JAMES JONES; U.S.
National Security Dir. Mr. BRENNON; U.S. Senator
SHARROD BROWN; U.S. Former Attorney General
MICHAEL MUKASEY; U.S. Attorney General ERIC
HOLDER; U.S. GEORGE SMITH, U.S. ALGENNON
MARBLEY; U.S. EDWARD SARGUS; U.S.
Magistrate MARK ALBE; US.S.A. SPIEGAL; U.S.
SUSAN OLOTT; U.S. SANDRA BECKWITH; U.S.
HERMAN WEBER; U.S. HERBERT RICE; U.S.
Magistrate M. MERZ; U.S. Postmaster General
JOHN POTTER; U.S. MARK LUKIVANC; U.S.
C.D.C. ALI KHUN; U.S. F.D.A. STEPHEN
SUNDLUP; JANET NAPOLITANO; JOHN
ASHCROFT,

                              Defendants.
----------------------------------------------------------------x
AMON, United States District Judge:

On January 18, 2010, plaintiff Alonzo Dean Shephard, incarcerated at the Southern Ohio Correctional Facility in Ohio, commenced this pro se action against defendants alleging violations under 42 U.S.C. § 1983. He seeks damages and injunctive relief. Plaintiff also seeks in forma pauperis status. The Court denies in forma pauperis status and dismisses the complaint without

prejudice.

While incarcerated, plaintiff has filed over 150 cases in the Ohio federal district and appellate courts. See https://pcl.uscourts.gov (last visited Jan. 26, 2011). In Shephard v. Pope, No. 1:09-cv-16, slip op. at 2 (S.D. Ohio, Jan. 29, 2009), the Honorable Herman J. Weber, United States District Judge, noted that plaintiff has been barred since 1996 from filing "any civil action in this Court in forma pauperis because he previously filed at least three frivolous actions in the federal courts." (citation omitted). Plaintiff's two prior cases in this Court were dismissed for failure to state a claim. Shephard v. President & CEO of Music by Mail, No. 08 CV 3117 (CBA) (E.D.N.Y. July 31, 2008); Shephard v. CBS President, No. 10 CV 423 (CBA) (E.D.N.Y. Mar. 5, 2010).

The Prison Litigation Reform Act provides that

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's allegations do not support a determination that he is in "imminent danger of serious physical injury" so as to come within the exception. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002); see also Polanco v. Hopkins, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)). Accordingly, the complaint is dismissed.

Nothing in this order precludes plaintiff from paying the full filing fee and bringing a new civil action in this Court or any other, but plaintiff is warned that a person who files fee-paid civil actions that are dismissed for the reasons specified in § 1915(g) may be barred from filing any future

prejudice.

While incarcerated, plaintiff has filed over 150 cases in the Ohio federal district and appellate courts. See https://pcl.uscourts.gov (last visited Jan. 26, 2011). In Shephard v. Pope, No. 1:09-cv-16, slip op. at 2 (S.D. Ohio, Jan. 29, 2009), the Honorable Herman J. Weber, United States District Judge, noted that plaintiff has been barred since 1996 from filing "any civil action in this Court in forma pauperis because he previously filed at least three frivolous actions in the federal courts." (citation omitted). Plaintiff's two prior cases in this Court were dismissed for failure to state a claim. Shephard v. President & CEO of Music by Mail, No. 08 CV 3117 (CBA) (E.D.N.Y. July 31, 2008); Shephard v. CBS President, No. 10 CV 423 (CBA) (E.D.N.Y. Mar. 5, 2010).

The Prison Litigation Reform Act provides that

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's allegations do not support a determination that he is in "imminent danger of serious physical injury" so as to come within the exception. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002); see also Polanco v. Hopkins, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)). Accordingly, the complaint is dismissed.

Nothing in this order precludes plaintiff from paying the full filing fee and bringing a new civil action in this Court or any other, but plaintiff is warned that a person who files fee-paid civil actions that are dismissed for the reasons specified in § 1915(g) may be barred from filing any future

action without leave of Court. See 28 U.S.C. § 1651(a); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999).

Moreover, plaintiff is further advised that any civil action arising from the conditions of his incarceration in Ohio must be filed in the appropriate district court in Ohio and not here.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February 7, 2011

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge

3